**CITY CENTRE ONE ASSOCIATES, a Utah limited partnership, Plaintiff,**

v.

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, a New York not-for-profit corporation, Defendant and Counterclaimant,**

v.

**CITY CENTRE ONE ASSOCIATES, a Utah limited partnership; Price Prowswood, Ltd., a Utah partnership; Price Development Company, a Utah corporation; and the Prowswood Corporation, a Utah corporation, Defendants to Counterclaim.**

Civ. No. 86–C–0332A.

United States District Court,
D. Utah, C.D.

March 23, 1987.

if plaintiff failed to comply with any of its covenants under the agreement.

The court finds, however, that important questions of fact remain to be established regarding both the circumstances of the parties' failure to close the loan and also how much of the $30,000 in fees was actually expended by defendant for the stated purposes. Since a motion for summary judgment is to be granted only if there appears to be no genuine issue as to any material fact, the motion for partial summary judgment should be denied.

Based on the foregoing, IT IS HEREBY ORDERED that the defendant's motion for partial summary judgment is denied.

Reed L. Martineau, Max D. Wheeler, Damian C. Smith, Snow, Christensen & Martineau, Salt Lake City, Utah, for plaintiff and counterclaim defendants.

L. Ridd Larson, Larry G. Moore, Ira B. Rubinfeld, Ray, Quinney & Nebeker, Salt Lake City, Utah, for defendant and counterclaimant.

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ALDON J. ANDERSON, Senior District Judge.

Defendant has moved this court for partial summary judgment pursuant to Rule 56 on the issue of its right to retain fees and deposits paid to it by plaintiff under the loan commitment agreement of March 27, 1984. Defendant claims that it is entitled to retain fees of $30,000 paid to cover appraisal, engineering and legal fees, and deposits in cash and letters of credit amounting to $290,000. The loan commitment agreement provided that the fees were to be non-refundable in all events and that the deposits were to be non-refundable